IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

HEIDI A. BAER,

          Plaintiff,

v.

NATIONAL BOARD OF MEDICAL
EXAMINERS,

          Defendant.

CIVIL ACTION NO. _____

**05-10724 GAO**

## PLAINTIFF'S MOTION FOR A PRELIMINARY AND PERMANENT INJUNCTION

Pursuant to Fed. R. Civ. P. 65, Heidi A. Baer respectfully requests that this Court issue preliminary and permanent injunctions against defendant National Board of Medical Examiners ("NBME" or "Defendant"). As discussed more fully in Plaintiff's *Memorandum of Law in Support*, this relief should be provided for the following reasons:

1. Ms. Baer has a diagnosed learning disability and suffers from Attention Deficit Disorder with Hyperactivity. These disabilities substantially impair Ms. Baer's major life activities of learning and reading.

2. NBME is headquartered in Philadelphia, PA. NBME administers the U.S. Medical Licensing Examination ("USMLE"), which is required for completion of medical school internship and residency requirements and for medical licensure in the United States. The USMLE is administered in three separate phases, commonly referred to as Steps 1, 2 and 3. The NBME administers each Step of the USMLE throughout the country, including in Massachusetts.

3. As a third year medical student at Drexel College of Medicine ("Drexel") in Philadelphia, Pennsylvania, Ms. Baer has applied to the NBME to take the USMLE Step 1 exam and has requested a reasonable accommodation for her disabilities in the form of additional time within which to complete the exam. In fact, Ms. Baer has made formal requests for accommodation to the NBME on three separate

occasions, all of which were denied. As a result, Ms. Baer has taken the USMLE Step 1 three times, without accommodation, and has failed to achieve a passing score.

3. The NBME has repeatedly denied Ms. Baer's accommodation requests, despite the fact that Title III of the American with Disabilities Act ("ADA") and the Massachusetts Public Accommodations Statute require the NBME to provide a reasonable accommodation to persons with disabilities such as Ms. Baer.

4. The USMLE Step 1 examination is a prerequisite to Ms. Baer continuing her medical school career and, ultimately, to her being licensed as a medical doctor. Indeed, should Ms. Baer fail to achieve a passing score on the USMLE Step 1 at her fourth sitting for the exam, Drexel will initiate her immediate expulsion from medical school. Without an accommodation for her disabilities, Ms. Baer will likely fail the USMLE Step 1 on her fourth attempt.

5. As a result, Ms. Baer requests entry of a preliminary injunction requiring NBME to provide her with the reasonable accommodation of additional time to which she is entitled under the ADA and Massachusetts Public Accommodations Statute. Due to the nature and importance of the Step 1 exam, Ms. Baer will be irreparably harmed if the NBME is allowed to illegally refuse to provide her with the reasonable test accommodation she seeks. Therefore, Ms. Baer asks that this Court grant her the injunctive relief sought herein prohibiting the continued violation of Ms. Baer's rights under federal and state law, and compelling the NBME to provide the requested accommodation

6. No harm will come to the NBME if the Court grants the requested relief and the public interest will be served by granting the injunctive relief to enforce Ms. Baer's rights under the ADA and Massachusetts Public Accommodations Statute.

7. NBME's actions violate the ADA and Massachusetts Public Accommodations Statute, and Ms. Baer is entitled to a preliminary injunction directing the NBME to immediately cease and desist from refusing to accommodate Ms. Baer's disability in connection with her taking the USMLE Step 1

exam and ordering that the NBME provide Ms. Baer the requested accommodation of time and one-half within which to complete the USMLE Step 1.

8. Furthermore, Ms. Baer is entitled to a permanent injunction prohibiting the NBME from denying the same accommodation of time and one-half within which to complete Steps 2 and 3 of the USMLE.

**WHEREAS**, Plaintiff Heidi A. Baer respectfully requests that this Court issue:

(a) a preliminary injunction ordering the defendant National Board of Medical Examiners comply with Title III of the ADA and the Massachusetts Public Accommodations Statute by providing plaintiff Heidi A. Baer with time and one-half within which to complete Step 1 of the USMLE; and

(b) a permanent injunction ordering the defendant National Board of Medical Examiners comply with Title III of the ADA and the Massachusetts Public Accommodations Statute by providing plaintiff Heidi A. Baer with time and one-half within which to complete Step 2 and 3 of the USMLE.

## REQUEST FOR ORAL ARGUMENT

Heidi A. Baer believes that oral argument may assist the Court and, therefore, respectfully requests a hearing on this matter.

Respectfully submitted,

**HEIDI A. BAER**

By her attorneys:

_____
Bret A. Cohen, BBO # 637830
Carolyn A. Wiesenhahn, BBO # 641596
James M. Nicholas, BBO # 653892
MINTZ, LEVIN, COHN, FERRIS,
  GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, Massachusetts  02111
(617) 542-6000

Dated:  April 12, 2005

4

## Local Rule 7.1(A)(2) Certificate

I, James M. Nicholas, counsel for the Plaintiff Heidi A. Baer hereby certify that I have attempted to confer with Defendant's counsel, in an effort to resolve the issues addressed in this Motion, but those efforts were unsuccessful.

                                                                            James M. Nicholas

LIT 1510363v2

## CERTIFICATE OF SERVICE

I, James M. Nicholas, attorney for the plaintiff, Heidi A. Baer, hereby certify that a true copy of the Plaintiff's Motion for a Permanent and Preliminary Injunction, was served on Tuesday, April 12, 2005, by hand upon the attorney for defendant National Board of Medical Examiners at the following address:

Joseph F. Savage, Esq.
Goodwin Proctor, LLP
Exchange Place
53 State Street
Boston, MA 02109


_____
James M. Nicholas, Esq.

DATED:_____

LIT 1514976v2