UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEIDI A. BAER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) 05-CV-10724-GAO |
| NATIONAL BOARD OF | ) |
| MEDICAL EXAMINERS, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER TO PLAINTIFF'S
VERIFIED COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF**

NOW COMES the Defendant, National Board of Medical Examiners ("Defendant" or "NBME"), by its attorneys, and in response to Plaintiffs' Verified Complaint and Request for Injunctive Relief (the "Complaint"), states as follows:

1. Paragraph 1 of the Complaint is an introductory paragraph and does not contain any other factual allegations requiring a response. To the extent they are deemed allegations of fact, Defendant denies that Plaintiff Heidi A. Baer ("Plaintiff") is disabled within the meaning of the Americans with Disabilities Act ("ADA") or the Massachusetts Public Accommodations Act and denies that she is entitled to any accommodation under the ADA or the Massachusetts Public Accommodations Act. All of the remaining allegations contained in Paragraph 1 are also denied.

2. Defendant admits that Plaintiff is a medical student at Drexel University College of Medicine ("Drexel"). Defendant further admits that passage of Steps 1, 2, and 3 of the United States Medical Licensing Exam ("USMLE") is accepted by all medical licensing authorities to satisfy the examination requirements for licensure as a physician. Defendant denies that Plaintiff suffers from a learning disability and Attention Deficit/Hyperactivity Disorder

("ADHD") and denies that she is entitled to any accommodation under the ADA or the Massachusetts Public Accommodations Act. Defendant denies knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 2 of the Complaint.

3. Defendant denies knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint is an introductory paragraph and does not contain any factual allegations requiring a response. To the extent they are deemed allegations of fact, Defendant denies that Plaintiff is disabled within the meaning of the ADA or the Massachusetts Public Accommodations Act and denies that she is entitled to any accommodation under the ADA or the Massachusetts Public Accommodations Act. All of the remaining allegations contained in Paragraph 4 are also denied.

5. Defendant admits that Plaintiff is a medical student at Drexel and denies knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits that the National Board of Medical Examiners is a non-profit corporation incorporated under the laws of the District of Columbia, with its offices and principal place of business at 3750 Market Street, Philadelphia, Pennsylvania 19104. Defendant further admits that NBME, along with the Federation of State Medical Boards ("FSMB"), sponsors the USMLE program. Defendant admits that, together with FSMB, it administers, through its vendor, Prometric®, the USMLE throughout the United States, including in Massachusetts. Defendant denies all other allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, in that Plaintiff has alleged violation of a federal statute, the ADA, 42 U.S.C. § 12101.

8. Defendant denies that Plaintiff is disabled within the meaning of the ADA or the Massachusetts Public Accommodations Act, denies that she is entitled to any accommodation under the ADA or the Massachusetts Public Accommodations Act, denies that it has any liability under the ADA or the Massachusetts Public Accommodations Act, and therefore denies the allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits that, together with FSMB, it has administered, through its vendor Prometric®, the USMLE, Step 1 in Massachusetts. Defendant denies that Plaintiff is disabled within the meaning of the ADA or the Massachusetts Public Accommodations Act, denies that she is entitled to any accommodation under the ADA or the Massachusetts Public Accommodations Act, and denies that it has any liability under the ADA or the Massachusetts Public Accommodations Act. Defendant denies knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 8 of the Complaint.

10. Defendant admits that Plaintiff is a medical student at Drexel and denies knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies that Plaintiff is disabled within the meaning of the ADA or the Massachusetts Public Accommodations Act and denies the remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits that Plaintiff's alleged impairments were not formally diagnosed when she was a child, denies that Plaintiff is disabled within the meaning of the ADA or the

Massachusetts Public Accommodations Act, and denies the remaining allegations contained in Paragraph 12 of the Complaint.

13.     Defendant denies knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 13 of the Complaint.

14.     Defendant admits that Plaintiff attended Milton Academy.  To the extent that Paragraph 14 of the Complaint describes a document, that document is a writing, and it speaks for itself.  Defendant denies knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 14 of the Complaint.

15.     Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.     To the extent that Paragraph 16 of the Complaint describes a document, that document is a writing, and it speaks for itself.  Defendant denies the remaining allegations contained in Paragraph 16 of the Complaint.

17.     Defendant denies knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant admits that Plaintiff attended Duke University and denies that Plaintiff is disabled within the meaning of the ADA or the Massachusetts Public Accommodations Act.  Defendant denies knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 18 of the Complaint.

19.     Defendant denies knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 19 of the Complaint.

20.     Defendant admits that Plaintiff sat for the MCAT in August 1995 and obtained a score of 19 and denies knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 20 of the Complaint.

21.     Defendant denies knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 21 of the Complaint.

22.     Defendant admits that Plaintiff sat for the MCAT in August 1997 and obtained a score of 20 and denies knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 22 of the Complaint.

23.     Defendant denies that Plaintiff is disabled within the meaning of the ADA or the Massachusetts Public Accommodations Act and denies knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 23 of the Complaint.

24.     Defendant admits that Dr. Christopher Connolly evaluated Plaintiff in October 1998 and issued a report (the "Connolly Report").  To the extent that Paragraph 24 of the Complaint describes the Connolly Report or a letter from Dr. Connolly dated February 3, 1999, those documents are writings, and they speak for themselves.  Defendant denies knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 24 of the Complaint.

25.     Defendant admits that Plaintiff applied for and received a time and one-half accommodation on the November 1999 administration of the MCAT.  Defendant further admits that Plaintiff sat for the MCAT in November 1999 and obtained a score of 28.  Defendant denies knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 25 of the Complaint.

26.     Defendant admits that Plaintiff was admitted to Drexel and that she took two years to complete her first-year medical studies.  Defendant denies that Plaintiff is disabled within the meaning of the ADA or the Massachusetts Public Accommodations Act.  Defendant denies knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 26 of the Complaint.

27.     Defendant admits that Drexel provided Plaintiff with a certification that it provided her with accommodations. Defendant also admits that Plaintiff has produced an unofficial transcript which reports received an "H" grade in Pathology and Lab Medicine and a "HS" grade in Bioethics, Introduction to Clinical Medicine, and Psychopathology. Defendant denies that Plaintiff is disabled within the meaning of the ADA or the Massachusetts Public Accommodations Act. Defendant denies knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 27 of the Complaint.

28.     Defendant denies that Plaintiff is disabled within the meaning of the ADA or the Massachusetts Public Accommodations Act. Defendant denies knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 28 of the Complaint.

29.     Defendant admits that Drexel requires students to obtain a passing score on the USMLE, Step 1 before promotion to the third academic year of medical studies. Defendant denies knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 29 of the Complaint.

30.     Defendant denies knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 30 of the Complaint.

31.     Defendant denies knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 31 of the Complaint.

32.     Defendant admits that Plaintiff applied to take the USMLE, Step 1 on June 28, 2003 and requested an accommodation based on an alleged learning disability. Defendant also admits that Plaintiff submitted to NBME in support of this request the Connolly Report and a report issued by Dr. Evan Forman and Ms. Danielle Kerns (the "Forman/Kerns Report"). To the extent that Paragraph 32 of the Complaint describes the Forman/Kerns Report, that document is a writing, and it speaks for

itself. Defendant denies that Plaintiff is disabled within the meaning of the ADA or the Massachusetts Public Accommodations Act. Defendant denies knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 32 of the Complaint.

33. Defendant admits that, by letter dated June 11, 2003 (the "June 11, 2003 Letter"), it denied Plaintiff's request for an accommodation. Defendant further states that the June 11, 2003 Letter is a writing, which speaks for itself. Defendant also admits that Plaintiff sat for the USMLE, Step 1 on June 28, 2003 under standard conditions and obtained a failing score of 167. Defendant denies that Plaintiff is disabled within the meaning of the ADA or the Massachusetts Public Accommodations Act and denies the remaining allegations contained in Paragraph 33 of the Complaint.

34. Defendant admits that Plaintiff submitted a request for accommodations in September 2003 based on an alleged learning disability. Defendant also admits that Plaintiff submitted to NBME in support of this request the a report issued by Dr. Penny Prather (the "Prather Report"). Defendant denies that Plaintiff is disabled within the meaning of the ADA or the Massachusetts Public Accommodations Act and denies the remaining allegations contained in Paragraph 34 of the Complaint.

35. To the extent that Paragraph 35 of the Complaint describes the Prather Report, that document is a writing, and it speaks for itself. Defendant denies that the Prather Report concludes that Plaintiff suffers from a "language based learning disability." Defendant denies that Plaintiff is disabled within the meaning of the ADA or the Massachusetts Public Accommodations Act and denies the remaining allegations contained in Paragraph 35 of the Complaint.

36.     To the extent that Paragraph 36 of the Complaint describes the Prather Report, that document is a writing, and it speaks for itself.  Defendant denies the remaining allegations contained in Paragraph 36 of the Complaint.

37.     Defendant admits that, by letter dated November 17, 2003 (the "November 17, 2003 Letter"), it denied Plaintiff's request for an accommodation.  Defendant further states that the November 17, 2003 Letter is a writing, which speaks for itself.  Defendant denies that Plaintiff is disabled within the meaning of the ADA or the Massachusetts Public Accommodations Act and denies the remaining allegations contained in Paragraph 37 of the Complaint.

38.     Defendant admits that Plaintiff sat for the December 19, 2003 USMLE, Step 1 under standard conditions and obtained a failing score of 176.  Defendant denies the remaining allegations contained in Paragraph 38 of the Complaint.

39.     Defendant admits that Plaintiff submitted another request to NBME in May 2004, asking for 50% more than the standard time for taking the USMLE, Step 1.  Defendant also admits that Plaintiff submitted to NBME in support of this request the a report issued by Dr. Marilyn F. Engleman (the "Engleman Report").  Defendant denies that Plaintiff is disabled within the meaning of the ADA or the Massachusetts Public Accommodations Act.  Defendant denies knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 39 of the Complaint.

40.     Defendant admits that it has approved each of the Wechsler Adult Intelligence Scale-Third Edition, the Wechsler Abbreviated Scale of Intelligence, and the Woodcock-Johnson Psycho-Educational Battery to assess certain learning disabilities.  Defendant denies knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 40 of the Complaint.

41.     To the extent that Paragraph 41 of the Complaint describes the Engleman Report, that document is a writing, and it speaks for itself.  Defendant denies that Plaintiff is disabled within the meaning of the ADA or the Massachusetts Public Accommodations Act.  Defendant denies knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 41 of the Complaint.

42.     Defendant admits that, by letter dated July 7, 2004 (the "July 7, 2004 Letter"), it denied Plaintiff's request for an accommodation.  Defendant further states that the July 7, 2004 Letter is a writing, which speaks for itself.  Defendant admits that Plaintiff sat for the August 13, 2004 USMLE, Step 1 under standard conditions and obtained a failing score of 172.  Defendant denies the remaining allegations contained in Paragraph 42 of the Complaint.

43.     Defendant admits that Plaintiff failed the USMLE, Step 1 on three occasions.  Defendant denies knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 43 of the Complaint.

44.     Defendant denies knowledge or information sufficient to either admit or deny the allegations contained in the first sentence of Paragraph 44 of the Complaint.  Defendant denies that Plaintiff is disabled within the meaning of the ADA or the Massachusetts Public Accommodations Act and denies the remaining allegations contained in the second sentence of Paragraph 44 of the Complaint.

45.     Paragraph 45 of the Complaint describes the report by Dr. Cheryl Weinstein (the "Weinstein Report").  That document is a writing, and it speaks for itself.

46.     Paragraph 46 of the Complaint describes the Weinstein Report.  That document is a writing, and it speaks for itself.

47. To the extent that Paragraph 47 of the Complaint describes the Weinstein Report, that document is a writing, and it speaks for itself. Defendant denies the remaining allegations contained in Paragraph 47 of the Complaint.

48. To the extent that Paragraph 48 of the Complaint describes the Weinstein Report, that document is a writing, and it speaks for itself. Defendant denies that Plaintiff is disabled within the meaning of the ADA or the Massachusetts Public Accommodations Act. Defendant denies knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 48 of the Complaint.

49. To the extent that Paragraph 49 of the Complaint describes the Weinstein Report, that document is a writing, and it speaks for itself. Defendant denies knowledge or information sufficient to either admit or deny the allegations contained in the second sentence of Paragraph 49 of the Complaint.

50. Paragraph 50 of the Complaint describes the Weinstein Report. That document is a writing, and it speaks for itself.

51. Defendant admits that, by letter dated November 24, 2004, Plaintiff provided NBME with the Weinstein Report, a personal statement, scholastic evaluations from Milton Academy, diagnostic evaluations from three other doctors, and her college and medical school transcripts. Defendant denies that Plaintiff is disabled within the meaning of the ADA or the Massachusetts Public Accommodations Act and denies the remaining allegations contained in Paragraph 51 of the Complaint.

52. Defendant admits that, by letter dated January 14, 2005 (the "January 14, 2005 Letter"), it denied Plaintiff's request for an accommodation. Defendant further states that the January 14, 2005 Letter is a writing, which speaks for itself. Defendant denies that Plaintiff is disabled within

the meaning of the ADA or the Massachusetts Public Accommodations Act and denies the remaining allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 53 of the Complaint.

54. Defendant incorporates by reference its responses to Paragraphs 1 through 53 of the Complaint as though set forth fully herein.

55. Paragraph 55 of the Complaint states legal conclusions to which no response is required. To the extent that the Court requires an answer, however, Defendant admits that the Title III of the ADA prohibits discrimination against persons with disabilities in professional examinations, including USMLE, Step 1.

56. Paragraph 56 of the Complaint states legal conclusions to which no response is required. To the extent that the Court requires an answer, however, Defendant admits that it is an entity that administers USMLE, Step 1 and that it is covered by the ADA.

57. Paragraph 57 of the Complaint states legal conclusions to which no response is required. To the extent that the Court requires an answer, however, Defendant admits that the ADA requires NBME to provide reasonable accommodations to individuals with documented disabilities that substantially limit them in a major life activity.

58. Paragraph 58 of the Complaint states legal conclusions to which no response is required. To the extent that the Court requires an answer, however, Defendant admits the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint. More specifically, Defendant denies that Plaintiff suffers from a physical or mental impairment, denies that

her alleged impairment impacts a major life activity, and denies that she is substantially limited in a major life activity compared to most people.

60.     Defendant denies the allegations contained in Paragraph 60 of the Complaint. More specifically, Defendant denies that Plaintiff suffers from the impairments of a learning disability and ADHD. Defendant further denies that her alleged impairments affect her ability to read and learn as compared to most people.

61.     Defendant denies the allegations contained in Paragraph 61 of the Complaint. More specifically, Defendant denies that Plaintiff is disabled within the meaning of the ADA and denies that she is entitled to any accommodation under the ADA.

62.     Defendant denies that Plaintiff is disabled within the meaning of the ADA, denies that she is entitled to any accommodation under the ADA, denies that it is liable under the ADA, and denies that Plaintiff is entitled to any relief under the ADA. Defendant denies knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 62 of the Complaint.

63.     Defendant incorporates by reference its responses to Paragraphs 1 through 62 of the Complaint as though set forth fully herein.

64.     Paragraph 64 of the Complaint states legal conclusions to which no response is required. To the extent that the Court requires an answer, however, Defendant admits the allegations contained in Paragraph 64 of the Complaint.

65.     Paragraph 65 of the Complaint states legal conclusions to which no response is required. To the extent that the Court requires an answer, however, Defendant admits that it is an entity that administers USMLE, Step 1 and that it is covered by the Massachusetts Public Accommodations Act.

66. Paragraph 66 of the Complaint states legal conclusions to which no response is required. To the extent that the Court requires an answer, however, Defendant admits the allegations contained in Paragraph 66 of the Complaint.

67. Defendant denies the allegations contained in Paragraph 67 of the Complaint. More specifically, Defendant denies that Plaintiff is disabled within the meaning of the Massachusetts Public Accommodations Act and denies that she is entitled to any accommodation under the Massachusetts Public Accommodations Act.

68. Defendant denies the allegations contained in Paragraph 68 of the Complaint. More specifically, Defendant denies that Plaintiff suffers from the impairments of a learning disability and ADHD. Defendant further denies that her alleged impairments affect her ability to read and learn as compared to most people.

69. Defendant denies the allegations contained in Paragraph 69 of the Complaint. More specifically, Defendant denies that Plaintiff is disabled within the meaning of the Massachusetts Public Accommodations Act and denies that she is entitled to any accommodation under the Massachusetts Public Accommodations Act.

70. Defendant denies that Plaintiff is disabled within the meaning of the Massachusetts Public Accommodations Act, denies that she is entitled to any accommodation under the Massachusetts Public Accommodations Act, denies that it is liable under the Massachusetts Public Accommodations Act, and denies that Plaintiff is entitled to any relief under the Massachusetts Public Accommodations Act. Defendant denies knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 70 of the Complaint.

The remaining paragraphs of the Complaint are prayers for relief to which no response is required. Further answering, Defendant denies that Plaintiff is disabled within the meaning of the

ADA or the Massachusetts Public Accommodations Act, denies that she is entitled to any accommodation under the ADA or the Massachusetts Public Accommodations Act, denies that it is liable under the ADA or the Massachusetts Public Accommodations Act, and denies that Plaintiff is entitled to any of the relief requested – or to any relief whatsoever – under the ADA or the Massachusetts Public Accommodations Act.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Count I of the Complaint alleging a violation of the ADA fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Count II of the Complaint alleging a violation of the Massachusetts Public Accommodations Statute fails to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendant acted without an intent to discriminate and without an intent to engage in any unlawful practice. To the extent that any of Defendant's conduct is found to be discriminatory (which it was not), Defendant would have taken the same actions for legitimate, nondiscriminatory reasons in the absence of any discriminatory motive.

### FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that any conduct of NBME with respect to Plaintiff was lawful, privileged, fully justified, supported by good faith, and in furtherance of Defendant's and the public's interests.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered damages as a result of the conduct alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages (the entitlement to which is expressly denied) are limited and /or prohibited by statute or other law.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff will not suffer irreparable harm from the denial of the relief she seeks.

## EIGHTH AFFIRMATIVE DEFENSE

The granting of injunctive relief to Plaintiffs would violate public policy.

## NINTH AFFIRMATIVE DEFENSE

Defendant reserves the right to raise additional affirmative defenses.

WHEREFORE, Defendant respectfully requests that this Court deny all relief requested by Plaintiff, dismiss Plaintiff's Complaint with prejudice, award Defendant its costs and reasonable attorneys' fees, and award Defendant any other relief this Court deems just and proper.

Respectfully submitted,

NATIONAL BOARD OF MEDICAL EXAMINERS

By its attorneys:

/s/ Inez H. Friedman-Boyce_____
Joseph F. Savage, Jr. (BBO#443030)
Inez H. Friedman-Boyce (BBO#630910)
Melissa Briggs Hutchens (admitted pro hac vice)
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts 02019
(617) 570-1000

Dated: April 28, 2005
LIBA/1530985